JAMES STEPHENSON ET AL. v. EVERETT S. FLAGG, ADMINISTRATOR.

FILED JUNE 26, 1894.     No. 4699.

1. **Negligence:** COLLISION ON STREET: PERSONAL INJURIES: EVIDENCE. The verdict in this case was sustained by ample evidence as to all points in issue. A review of it is therefore unnecessary.

2. **Instructions:** REVIEW: ASSIGNMENTS OF ERROR. Where the assignments in the petition in error challenge the correctness in group of any of the trial court's rulings either as to the giving or refusing to give instructions, no consideration of such assignment can be had in this court further than to ascertain that the challenge is not well founded as to any instruction in the group in respect to which such assignment is made.

ERROR from the district court of Douglas county. Tried below before CLARKSON, J.

*Edward W. Simeral* and *J. C. Cowin,* for plaintiffs in error.

*Howard B. Smith* and *Clinton N. Powell, contra.*

RYAN, C.

On March 6, 1889, there was filed in the district court of Douglas county the petition of Ada E. Flagg against James Stephenson and Cornelius F. Williams, partners doing business under the firm name of the Omaha Cab Com-

pany. The damages claimed were alleged in the petition
to have been sustained by plaintiff having been struck and
injured while driving on Douglas street in Omaha, and
that the collision was caused by the negligence of defend-
ants, through the fault of the driver of one of the defend-
ants' Hansom cabs. The petition at length described the
nature of the injuries sustained by plaintiff, and closed
with a prayer for judgment in the sum of $5,241 and
costs. The answer was an admission of the existence of
the partnership alleged as existing between defendants,
their ownership of a Hansom cab, and a denial of every
other allegation of the petition, closing with an averment
that whatever injury had been sustained by plaintiff was
entirely owing to her own carelessness. There were re-
turned two verdicts, upon the first of which no judgment
was rendered. On the trial which followed the setting
aside of the first verdict there was a second verdict for
plaintiff. Judgment was rendered on this last verdict for
$2,000, for the reversal of which the defendants filed their
petition in error in this court, accompanied by a proper
transcript and bill of exceptions.

The first contention of plaintiffs in error is that there
was no sufficient evidence to sustain the verdict. The evi-
dence urged as wanting is that which would show that the
injuries described on the trial had in February of 1891
were traceable to the accident which occurred April 7,
1887. If there had been no evidence save that of the ex-
pert physicians produced by the plaintiffs in error, this ar-
gument would be entitled to consideration. After all, this
very evidence was not positive as to the relation of cause
and effect. It was full as to present ailments and the
manifestations attending them, but when the cause was in-
quired into it was with the result that the injury sustained
might have been the original inception of Mrs. Flagg's
present suffering, or they might have arisen from other
causes. It is not difficult to believe that the uncertainty

developed by the examination of these expert witnesses was caused by the lapse of almost three years after the occurrence of the accident, before their examination of the defendant in error. These witnesses admitted that the ailments described on the trial by Mrs. Flagg might have resulted from the accident of which she made complaint in her petition. On the other hand, there was abundant evidence to sustain the verdict of the jury: First, as to the good health of Mrs. Flagg before April 7, 1887; and, second, as to the change in her health following upon the injury, and that it was of such nature as to be reasonably imputed to it. There was detailed in evidence the history of her case, showing the gradual development of new and unfavorable symptoms, until were reached the results described on the trial. This class of testimony was given, not only by herself, her mother, and her husband, but by her attendant physicians as well. It may be pertinently observed in this connection that from the time of her injury until the trial in February of 1891, Mrs. Flagg seemed almost constantly to have been under medical treatment. The evidence was amply sufficient to justify the verdict in not only this, but in every other respect.

No other errors alleged in the petition in error are argued, except criticisms are made of the instruction given, and of those refused. Of those given of the court's own volition there is argued error only as to the use of the word "carelessness" in the fourth paragraph. As this assignment of error was as to Nos. 5 and 6, as to which no criticism is even attempted coupled with No. 4, we cannot consider the error urged as inhering in No. 4 alone. The petition in error alleged that the court erred in giving paragraphs Nos. 1, 2, 3, 4, 5, 10, 11, 12, and 13 at the request of the defendant in error. As might well be supposed, there would be no error found in each one of these several paragraphs, and this assignment requires us to prosecute inquiry no farther than this point.

There is assigned error in the petition in error, in that the court refused to give paragraphs numbered 5 and 6 of the instructions asked by plaintiffs in error. Of these paragraphs, that numbered 5 required the jury to find against the defendant in error, if, at the time of the accident, she was on the north or left-hand side of Douglas street, provided that if she had been on the other side of said street the accident would not have happened. We know of no reason for such a radical statement of the law as this would require, and no attempt has been made in argument to show one. The fifth and sixth paragraphs of the instructions asked by the plaintiff in error were, therefore, properly refused. The judgment of the district court is

AFFIRMED.